**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEONARD C. COTTON, SR., # 16347,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-364-JPG** |
| | ) | |
| **CORRECTIONAL OFFICER WALTERS,** | ) | |
| **SHERIFF RICHARD WATSON,** | ) | |
| **MAJOR PHILLIP McLAURIN,** | ) | |
| **and CAPTAIN THOMAS TRICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at the St. Clair County Jail ("the Jail"). He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendant Walters used excessive force against him. Further, he complains about unsanitary conditions at the Jail.

According to the complaint, on February 5, 2015, Plaintiff and his cellmate were about to leave their cell to go to breakfast, when Defendant Officer Walters closed the cell bars. He cursed them, saying they should have already been out of the cell. He then told them the bars were stuck, and told them to push on the bars. Plaintiff did so, and Defendant Walters opened the bars. However, he closed the bars again, trapping Plaintiff's arm and wrist. Defendant Walters left the bars closed on Plaintiff while he was screaming, "My arm, my arm!" (Doc. 1, p. 5). Defendant Walters ultimately opened the bars, and sent another officer to take Plaintiff to the health care unit.

On a separate matter, Plaintiff claims that the county has stopped providing toilet paper to the inmates, and he now has to purchase his own. Plaintiff does not have money to buy toilet

paper, and claims he does not have any (Doc. 1, pp. 5-6).  He blames Defendant Sheriff Watson for this policy.  Finally, he claims that the Jail showers are contaminated with black mold, which makes his skin itch every time he takes a shower.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Excessive force claim against Defendant Walters for closing the cell bars on Plaintiff's arm and wrist, injuring him;

> **Count 2:**  Unconstitutional conditions of confinement claim against Defendant Watson, for adopting a policy that deprives Plaintiff of toilet paper, and against Defendants McLaurin and Trice, for failure to provide Plaintiff with toilet paper;

> **Count 3:**  Unconstitutional conditions of confinement claim against Defendants McLaurin and Trice, for subjecting Plaintiff to health risks from the black-mold contamination in the showers.

Accepting Plaintiff's allegations as true, the Court finds that Count 1 survives threshold review under § 1915A, and shall receive further consideration in this action.  Count 2 also survives threshold review at this stage.  Count 3, in combination with Count 2, indicates a possible constitutional violation.  However, Counts 2 and 3 cannot proceed in the same action as Count 1.  Therefore, Counts 2 and 3 shall be severed into a separate lawsuit.  Plaintiff shall be allowed an opportunity to withdraw those claims and voluntarily dismiss the new severed case if he does not wish to incur the additional filing fee.

**<u>Count 1 – Excessive Force</u>**

Plaintiff does not say whether he is a pretrial detainee or whether he is serving a sentence in the Jail following a conviction.  Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

The Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain" upon a prisoner.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline", but instead is applied "maliciously and sadistically" to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Here, Plaintiff alleges that Defendant Walters purposely shut the cell bars on his arm, and there is no indication that he took this action in an attempt to either maintain or restore discipline.  At this stage of the litigation, Plaintiff may proceed with his excessive force claim in **Count 1** against Defendant Walters.

No other Defendants are implicated in Count 1, however.  From Plaintiff's description of the incident, none of the other Defendants were present or in any way involved in Defendant Walters' use of force against Plaintiff.  Plaintiff describes Defendant Watson as the St. Clair County Sheriff; Defendant McLaurin as the Major/Superintendent of the Jail; and Defendant Trice as the Captian of the Jail.  Each of them may have some supervisory authority over Defendant Walters.  However, Section 1983 creates a cause of action based on personal liability

and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  For these reasons, Defendants Watson, McLaurin, and Trice are dismissed from Count 1.

## Count 2 – Denial of Hygiene Supplies

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. Likewise, for 'cruel and unusual punishment' claims brought by a pretrial detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

A deprivation of a basic human need – food, medical care, sanitation, or physical safety – is necessary to establish the objective component of an Eighth Amendment claim. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  The denial of access to "adequate sanitation and personal hygiene items" may

demonstrate a deprivation of "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). Further, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

Plaintiff's allegation that he has not been supplied with toilet paper, and that this deprivation is continuing, would satisfy the objective component of a constitutional violation if it has caused Plaintiff to be unable to maintain basic personal hygiene. As to the second, subjective component of a deliberate indifference claim, Plaintiff states that he wrote two "captain's requests," as well as sent a letter to the superintendent, regarding his complaints (Doc. 1, p. 4). Based on Plaintiff's description, the Court presumes that these written complaints were directed toward Defendants Trice and McLaurin, respectively. Plaintiff never received any response, nor was he given copies of his complaints. He also does not specify whether these written complaints were in reference to the lack of toilet paper, the condition of the showers, and/or the excessive force incident.

The Court is required to liberally construe *pro se* complaints such as Plaintiff's. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As such, the Court shall presume at this stage that Plaintiff's letters made Defendants Trice and McLaurin aware of the fact that he was being deprived of toilet paper, and that the lack of this hygiene item posed a

risk to his health.  In order to prevail, however, Plaintiff must ultimately show that these officials acted or failed to act despite having knowledge of a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Further, if, as Plaintiff suggests, Defendant Watson initiated a policy of requiring Jail inmates to purchase their own toilet paper or go without, or knowingly condoned the practice of denying this item to inmates who could not pay, he may be found to have been deliberately indifferent to the risk to Plaintiff's health.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez v. Ill. State Police*, 251 F.3d 612, 651-52 (7th Cir. 2001) (supervisory defendants may be liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")); *McPhaul v. Bd. of Comm'rs of Madison Cnty*., 226 F.3d 558, 566 (7th Cir. 2000).

At this pleading stage, giving liberal construction to the complaint, **Count 2** survives threshold review under § 1915A.  However, as noted above, this claim cannot proceed in the same action as the unrelated claim in Count 1 against Defendant Walters for excessive force.  It shall thus be severed into a separate action as detailed below.

## Count 3 – Unsanitary Shower Conditions

In combination with the claim in Count 2, Plaintiff's allegations that the mold infestation in the shower has irritated his skin and compromised his health and hygiene may also meet the objective component of a constitutional claim.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).   As discussed in Count 2, Plaintiff's letters to Defendants McLaurin and Trice may suffice to meet the subjective requirement of a deliberate indifference claim – namely, that those Defendants were aware of the problem and the risk to Plaintiff's health, yet took no action to

mitigate that risk.   Liberally construed, the conditions claim in **Count 3** against Defendants McLaurin and Trice for subjecting Plaintiff to health risks from the mold-infested showers, also survives § 1915A review.

However, no claim is stated against Defendant Watson for the alleged violation in Count 3.  Plaintiff does not indicate that he ever made Defendant Watson aware of this problem, nor are the shower conditions a result of any policy or directive initiated by Defendant Watson. Therefore, Count 3 may proceed at this stage only against Defendants McLaurin and Trice. Again, this claim shall be severed along with Count 2 into a separate action.

## Severance of Counts 2 and 3

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Plaintiff's complaint contains two sets of unrelated claims against different defendants:  Count 1 against Defendant Walters for excessive force, and Counts 2 and 3 for deliberate indifference to Plaintiff's health and personal hygiene.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Counts 2 and 3, and shall open a new case with a newly-assigned case number for those claims.  Plaintiff may voluntarily dismiss the newly severed case if he does not wish to proceed on those claims or incur the additional filing fee.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's deliberate indifference claims for unconstitutional conditions of confinement (**COUNTS 2 and 3**), which are unrelated to the

excessive force claim in Count 1, are **SEVERED** into a new case.  That new case shall be: Claims against **DEFENDANTS WATSON, McLAURIN,** and **TRICE**.  While Count 3 does not include Defendant Watson, the claims in Counts 2 and 3 may proceed in the same action because Defendants McLaurin and Trice are named in both claims.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)     This Memorandum and Order
(2)     The Original Complaint (Doc. 1)
(3)     Plaintiff's motion to proceed *in forma pauperis* (Doc. 3)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (on or before **June 3, 2015**). Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case.  Service shall not be ordered on Defendants Watson, McLaurin, or Trice until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the ***only claim remaining in this action is COUNT 1 against Defendant WALTERS***, for applying excessive force to Plaintiff on February 5, 2015. This case shall now be captioned as:  **LEONARD C. COTTON, SR., Plaintiff, vs. CORRECTIONAL OFFICER WALTERS,  Defendant.**

**IT IS FURTHER ORDERED** that Defendants **WATSON, McLAURIN, and TRICE** are **TERMINATED** from ***this*** action with prejudice.

As to **COUNT 1**, which remains in the instant case, the Clerk of Court shall prepare for Defendant **WALTERS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of

employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 28, 2015**

*s/J. Phil Gilbert*
United States District Judge
