IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD C. COTTON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-cv-477-JPG-DGW |
| v. ) | |
| ) | |
| SHERIFF RICHARD WATSON, MAJOR ) | |
| PHILLIP MCLAURIN, and CAPTAIN ) | |
| THOMAS TRICE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Sheriff Richard Watson, Major Phillip McLaurin, and Captain Thomas Trice (Doc. 45). For the reasons set forth below, the Motion is **GRANTED**.

INTRODUCTION

Plaintiff Leonard C. Cotton, Sr., an inmate currently in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was detained at the St. Clair County Jail ("the Jail"). In his complaint, Plaintiff alleges that on February 5, 2015, he was injured when the bars to his cell closed on his arm. Plaintiff also alleges that the Jail was not providing toilet paper to inmates and, as he did not have money to purchase his own, he was going without and that the showers at the Jail were contaminated with black mold.

Plaintiff's complaint was screened pursuant to 28 U.S.C. §1915A and he was allowed to proceed on the following claims:

    Count One:    Excessive force claim against Defendant Walters for closing the cell bars on Plaintiff's arm and wrist, injuring him;

    Count Two:    Unconstitutional conditions of confinement claim against Defendant Sheriff Watson for adopting a policy that deprives Plaintiff of toilet paper, and against Defendants McLaurin and Trice for failing to provide Plaintiff with toilet paper; and

    Count Three:    Unconstitutional conditions of confinement claim against Defendants McLaurin and Trice for subjecting Plaintiff to health risks from the black-mold contamination in the showers.

(Doc. 1, p. 2). The Court, however, severed Counts Two and Three into a separate lawsuit, thereby instituting this action (*id*. at p. 7; *see Cotton v. Walters*, 3:15-cv-364-JPG-DGW). Accordingly, the claims pending in this lawsuit are Counts Two and Three, the unconstitutional conditions of confinement claims.

On October 28, 2016, Defendants McLaurin, Trice, and Watson filed a motion for summary judgment asking the Court to enter judgment in their favor (Doc. 45). In conjunction with the filing of their motion for summary judgment, Defendants filed a Notice pursuant to Federal Rule of Civil Procedure 56 informing Plaintiff of the contents of Rule 56 and notifying him of the perils of failing to respond within the proper timeframe of thirty days (*see* Doc. 46). Defendants' Notice also informed Plaintiff that his failure to file a response by the deadline may, in the Court's discretion, be considered an admission of the merits of the motion pursuant to Local Rule 7.1(c) (*id.*). Despite receiving adequate notice, Plaintiff failed to file a response by the December 1, 2016 deadline (and there is no response on file as of the date of this Order). The Court deems Plaintiff's failure to file a response to be an admission of the merits of the motion.

**FACTUAL BACKGROUND**

The undisputed evidence reflects that Plaintiff was detained at the St. Clair County Jail ("the Jail") from January 27, 2015 to November 25, 2015 (Deposition of Plaintiff, Leonard C. Cotton, Sr., Doc. 45-2, p. 3; *see* Cell Assignment History and Sentencing Order, Doc. 45-1).

During this time, Plaintiff was housed in several cell blocks, including H block, AA block, K block, C block, E block, and J block (Doc. 45-2, p. 4; *see* Doc. 45-1). While housed in blocks AA, J, and E, Plaintiff found that the showers were "really slimy" and there was black mold along the walls (Doc. 45-2, pp. 4-5). Plaintiff testified that the showers, particularly those in block AA, had an "irritating smell … like moldy clothes" (*Id*. at 5). Plaintiff attributes the condition of the showers to an itchy, red rash that developed while he was at the Jail (*Id*. at 12-13). Medical personnel have not been able to discern the cause of the rash, but Plaintiff testified that some nurses indicated it could have been caused by the showers at the Jail (*Id*. at 14). Plaintiff still develops a rash after he showers at his current institution, asserting that it also has moldy showers (*Id.* at 13). Plaintiff never complained about the shower conditions or informed Defendants McLaurin or Trice that said conditions were causing him to develop a rash (*Id*. at 12). Indeed, Plaintiff has never been "face to face with [Defendant McLaurin] at any time" (*Id*. at 20).

Plaintiff also testified that in May, 2015, a sign was posted in each cellblock indicating that the Jail would no longer be providing toilet paper and detainees would need to buy it from the commissary (*Id.* at 15). Plaintiff believes that this policy was implemented sometime in June, 2015, likely June 6, 2015 (*Id.* at 16). Prior to the implementation of this policy, each detainee was provided with toilet paper from the Jail (*Id.* at 17). Plaintiff indicated that he was not able to purchase toilet paper from the commissary on any occasion because he could not afford it, but sometimes an officer would bring him some upon request (*Id.* at 17-18). Plaintiff testified that he wrote Defendant McLaurin about this issue, but never received a response (*Id.* at 20). Plaintiff never spoke with Defendants McLaurin, Trice, or Watson regarding his lack of toilet paper (*Id.* at 12, 20).

**LEGAL STANDARDS**

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

It is well-settled that incarcerated persons are entitled to confinement under humane conditions that provide for their "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (other citations omitted). The proscription against unconstitutional conditions of confinement for pretrial detainees is founded on the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535-37

(1979)). However, the Seventh Circuit directs courts to look at the Eighth Amendment case law in addressing the claims of pretrial detainees, indicating that "the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners," *id.* (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998) and noting that the Supreme Court "has not yet determined just how much additional protection the Fourteenth Amendment gives to pretrial detainees." *Id.* (citations omitted).

Conditions of confinement that deny an inmate of "basic human needs" or "the minimal civilized measure of life's necessities," such as food, medical care, or sanitation are violative of the Eighth Amendment. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court indicated that courts evaluating claims of unconstitutional conditions of confinement must consider: (1) whether the defendant prison officials acted with the requisite state of mind (the subjective component) and (2) whether the alleged deprivations were sufficiently serious to rise to the level of a constitutional violation (the objective component). In other words, to establish his Eighth Amendment claim, Plaintiff must show that he was subjected to conditions that denied him "the minimal civilized measure of life's necessities" *and* that Defendants acted with a culpable state of mind. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citing *Famer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.") (other citations omitted)).

#### DISCUSSION

Here, Plaintiff sets forth two claims alleging that he was exposed to unconstitutional conditions of confinement while detained at the St. Clair County Jail as he was denied toilet paper and forced to shower in moldy, unkempt conditions. More specifically, Plaintiff asserts that Defendant Watson adopted a policy requiring detainees such as Plaintiff to purchase toilet paper from the commissary, which effectively prevented him from obtaining toilet paper, and that Defendants McLaurin and Trice failed to provide Plaintiff with toilet paper and subjected him to health risks from the mold in the shower.

Based on the evidence in the record, the Court is at a loss to determine why McLaurin and Trice were named as Defendants in this lawsuit. Notably, liability under § 1983 is predicated on a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (quoting *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Here, Plaintiff testified that he never spoke with Defendants McLaurin or Trice about the conditions of the showers and he only wrote a complaint about the showers to these Defendants *after* he filed his lawsuit (Doc. 45-2, pp. 12, 14). Further, Plaintiff made no mention of any attempt to speak with or write to Defendant Trice about the toilet paper policy and there is no reference to any action taken by this Defendant to deny Plaintiff toilet paper. Plaintiff's testimony is also bereft of any indication that Defendant McLaurin denied him toilet paper. The only evidence regarding Defendant McLaurin in relation to the toilet paper policy at the Jail is Plaintiff's testimony that he wrote to Defendant McLaurin about the toilet paper issue, but never received a response (*id.* at 20).

There is no evidence before the Court that Defendant McLaurin ever received any written complaint about the conditions of his confinement and Plaintiff failed to articulate, with any specificity, what was included in his written complaint about the toilet paper issue, how he attempted to submit said complaint, and whether he had any evidence Defendant McLaurin received said complaint. Moreover, Plaintiff's deposition, as well as his complaint, is devoid of any specific allegations against either Defendant McLaurin or Defendant Trice with regard to their involvement in the claims in this matter. As there is no evidence before the Court that these Defendants had any involvement in the conditions of confinement at issue in this lawsuit, even tangentially, the Court finds that Major McLaurin and Captain Trice are entitled to judgment as a matter of law.

The Court now turns to Plaintiff's claim against Defendant Sheriff Watson alleging that he adopted a policy that deprived Plaintiff of toilet paper. The only evidence of any such policy is Plaintiff's deposition testimony indicating that in May, 2015 a sign was posted in each of the cellblocks indicating that the Jail would no longer be passing out toilet paper and it would have to be purchased at the commissary (Doc. 45-2, p. 15). According to Plaintiff's testimony, said policy was put into effect approximately two weeks later, sometime in June, 2015 (*id.*).

Defendants have provided ample evidence contradicting the alleged toilet paper policy at the Jail. Specifically, Defendants rely on the affidavit of Cameron Reid, a correctional officer at the Jail responsible for assisting in the overseeing and distribution of toiletries to detainees at all times relevant to Plaintiff's complaint (Affidavit of Deputy Cameron Reid, Doc. 45-3, ¶¶ 2-4). Officer Cameron attests that during the times relevant to Plaintiff's complaint, each detainee was provided one roll of toilet paper once a week; however, detainees were permitted to purchase additional toilet paper through the Jail's commissary, so long as they never had more than two rolls

of toilet paper in their possession (*id.* at ¶¶ 11-14). Defendants also point to the affidavit of Jeff Brown, the maintenance supervisor for the Public Buildings Commission of St. Clair County, Illinois whose primary responsibility is overseeing the maintenance of the Jail (Affidavit of Jeff Brown, Doc. 45-4, ¶¶ 1-2). Mr. Brown attests that the Public Building Commission purchased toilet paper in bulk in 2015 as needed for distribution to detainees and said distribution occurred each and every week (*id*. at ¶¶ 13-16). Defendants have provided the Court with invoices documenting said purchases throughout the time of Plaintiff's detention at the Jail (*see* Invoices, Doc. 45-5). The Court notes that the amount of toilet paper purchased and the timing of said purchases do not appear to fluctuate throughout the time of Plaintiff's detention (*see id.*).

While ordinarily a district court is not to evaluate the credibility or persuasiveness of evidence at the summary judgment stage, "a court is not required to stand helpless just because a litigant tenders something that *purports* to create a disputed factual issue." *United States v. Kitsos*, 770 F.Supp. 1230, 1237 (N.D. Ill. 1991)). Indeed, the Supreme Court has held that "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citation omitted). Other courts have indicated that "even on summary judgment the district court should not credit testimony that is inherently incredible," *Simms v. Reiner*, 419 F.Supp. 468, 475 (N.D. Ill. 1976), or "irrefutably contradicted by documentary evidence," *Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986). Here, Plaintiff's testimony regarding the alleged toilet paper policy at the Jail has been irrefutably contradicted by Defendant's evidence, particularly in light of the fact that Plaintiff failed to respond to Defendant's motion for summary judgment and the Court, in its discretion, has deemed such failure to be an admission of the merits of Defendant's motion. Accordingly, the Court finds that the policy of the Jail was to provide detainees with one roll of toilet paper per week

and said policy does not constitute an unconstitutional condition of confinement.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Sheriff Richard Watson, Major Phillip McLaurin, and Captain Thomas Trice (Doc. 45) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 3/7/2017

                                                      *s/J. Phil Gilbert*
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**